**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax       713 999 1187

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SAMMY ZIADEH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RANDSTAD TECHNOLOGIES, LLC,<br><br>Defendant. | Case No. 5:20-cv-01857<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**<br>2. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders)**<br>3. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders)**<br>4. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>5. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>6. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)** |

## SUMMARY

1.      Plaintiff Sammy Ziadeh worked for Defendant Randstad Technologies, LLC, as an Account Manager.

2.      Ziadeh and other workers like him regularly worked in excess of 8 hours in a day and 40 hours in a week.

PARMET PC

3.      But Randstad did not pay Ziadeh and other workers like him proper overtime pay for these hours.

4.      Instead of paying Ziadeh and other workers like him overtime in accordance with California and federal law, Randstad did not pay these workers anything for hours worked in excess of 40 in a week.

5.      Similarly, instead of paying Ziadeh and other workers like him overtime in accordance with California law, Randstad pays these workers nothing extra for hours worked in excess of 8 hours in a day and 40 in a workweek or within 7 consecutive days.

6.      Further, Randstad does not provide required meal periods and rest periods to Ziadeh and other workers like him mandated by California law.

7.      This action seeks to recover the unpaid overtime wages and other damages Randstad owes to Ziadeh and other workers like him.

### JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      This Court has original jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10.     This Court also has supplemental jurisdiction over the state law sub-classes pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ziadeh's claims occurred in this district.

### INTRADISTRICT ASSIGNMENT

12.     A substantial part of the events or omissions giving rise to the claim occurred in and around the County of Sant Clara, California.

13.     This matter is therefore properly assigned to the District's San Jose Division. Civ. L.R. 3-2(e).

### PARTIES

14.     Ziadeh is a resident and citizen of Santa Clara County, California.

PARMET PC

15.     Ziadeh was employed by Randstad as an Account Manager in San Jose, California from January 2014 to July 2018.

16.     Throughout his employment, Randstad failed to pay Ziadeh overtime for the hours he worked in excess of 8 hours in a day and 40 per week.

17.     Specifically, Ziadeh was scheduled to work 8 hour shifts 5 days per week but consistently worked additional unscheduled hours.

18.     Randstad did not pay Ziadeh compensation for this daily and weekly overtime work. Ziadeh also did not receive the meal and rest periods required under California law.

19.     Ziadeh was compensated on a salary plus commission basis.

20.     Ziadeh was not exempt from the overtime requirements of state or federal law.

21.     Ziadeh's consent to be a FLSA party plaintiff is attached as Exhibit A.

22.     Ziadeh brings this action on behalf of himself and all other similarly situated workers, who were subjected to Randstad's illegal pay practices.

23.     Randstad paid these workers no overtime premium for hours worked in excess of 8 or 12 in a day in violation of California law.

24.     Randstad paid these workers no overtime premium regardless of how many hours they worked in a workweek, in violation of the FLSA and California law.

25.     Randstad did not provide these workers with meal and rest periods required by California law.

26.     Ziadeh seeks a class certification of a class under Fed. R. Civ. P. 23 under the California Labor Code, as follows:

**All Account Managers employed by Randstad in California at any time during the last 4 years who were not paid overtime for hours worked in excess of 8 or 12 hours in a day or 40 hours in a workweek (the "California Overtime Workers").**

27.     Ziadeh also seeks a class certification of a class under Fed. R. Civ. P. 23 under the California Labor Code, as follows:

**All Account Managers employed by Randstad in California at any time during the last 4 years who did not receive required meal and/or rest periods (the "California Meal/Rest Period Workers").**

28.     Ziadeh also seeks to represent a class of similarly situated employees or putative class members under the FLSA defined as follows:

**All Account Managers employed by Randstad in the United States at any time during the last 3 years who were not paid overtime for hours worked in excess of 40 hours in a workweek (the "FLSA Workers").**

29.     Ziadeh, the FLSA Workers, the California Overtime Workers, and the California Meal/Rest Period Workers are referred to collectively as "Account Managers."

30.     Randstad is a limited liability company that is organized under the laws of the Delaware, and with its headquarters and principal place of business in Atlanta, Georgia.

31.     Ranstad conducts business in a systematic and continuous manner throughout California and this District and Division.

32.     Randstad can be served with process upon its registered agent: **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833-3505**, or by any other method allowed by law.

### FLSA COVERAGE

33.     At all relevant times, Randstad has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

34.     At all relevant times, Randstad has been part of an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

35.     At all relevant times, Randstad has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).  Randstad has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, smart devices, office equipment, etc. – that have been moved in or produced for commerce.

36.     In each of the last 3 years, Randstad has had annual gross volume of sales made or business done of at least $500,000.

37.     At all relevant times, Ziadeh and the Account Managers were engaged in commerce or in the production of goods for commerce or were employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

38.     Randstad uniformly dictated the pay practices applied to Ziadeh and the Account Managers.

<div align="center">FACTUAL BACKGROUND</div>

39.     Randstad is a staffing company and provides workers in various industries to its clientele.

40.     Ziadeh worked for Randstad as an Account Manager from January 2014 to July 2018 in San Jose, California.

41.     Ziadeh regularly worked in excess of 8 or 12 hours per day.

42.     Ziadeh regularly worked in excess of 40 hours per week.

43.     During his entire employment, Randstad paid Ziadeh a salary plus commissions for his working time.

44.     Ziadeh reported the hours he worked to Randstad on a daily basis.

45.     His superiors, however, instructed him not to report more than 8 hours per day or 40 hours per week.

46.     Nevertheless, Randstad was fully aware that Ziadeh worked more than 8 hours per day and more than 40 hours per week.

47.     Rather than pay Ziadeh any overtime premium for hours worked in excess of 8 or 12 in a day, Randstad never paid Ziadeh anything extra for these hours.

48.     Similarly, rather than pay Ziadeh any overtime premium for hours worked in excess of 40 in a week, Randstad never paid Ziadeh anything extra for these hours.

49.     Further, although Ziadeh regularly works 10 hours or more in a day, Randstad routinely denied him timely and compliant rest and meal periods and failed to pay Ziadeh the premium wages he is owed for working through the meal and rest breaks to which he is entitled.

PARMET PC

50.     Like Ziadeh, the Account Managers worked for Randstad at various times during the previous 4 years, including and up to the present, and in various locations.

51.     The California Overtime Workers also regularly worked in excess of 8 or 12 hours in a day.

52.     The FLSA Workers and California Overtime Workers also regularly worked in excess of 40 hours per week.

53.     The California Meal/Rest Period Workers also did not receive required meal and rest breaks or premium wages for working through their meal and rest breaks.

54.     The Account Managers were paid a salary rate plus commissions for their labor.

55.     The Account Managers reported the hours they worked to Randstad on a daily basis.

56.     However, the Account Managers were instructed not to report more than 8 hours in a day or more than 40 hours in a week.

57.     Rather than pay the California Overtime Workers any overtime premium for hours worked in excess of 8 in a day, Randstad never paid the California Overtime Workers anything extra for these hours.

58.     Similarly, rather than pay the FLSA Workers and California Overtime Workers any overtime premium for hours worked in excess of 40 in a week, Randstad never paid the FLSA Workers and California Overtime Workers anything extra for these hours.

59.     Although the California Meal/Rest Period Workers regularly worked shifts of 10 or more hours, Randstad routinely denied them timely and compliant rest and meal periods and failed to pay them the premium wages they are owed for working through the meal and rest breaks to which they were entitled.

60.     Any differences in pay rates and job duties between Ziadeh and the Account Managers are immaterial because Ziadeh and the Account Managers are all victims of the same illegal practices that violate the FLSA and/or California law.

61.     Randstad knew, or showed reckless disregard for whether, Ziadeh and the Account Managers were working overtime and/or through their meal and rest breaks.

PARMET PC

62.     Nonetheless, Randstad failed to properly compensate Ziadeh and the Account Managers for this time.

63.     Thus, Randstad knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA and/or California law.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

64.     Numerous employees have been victimized by this pattern, practice, and policy, which is willful violation of the FLSA and California law.

65.     Many of these Account Managers worked with Ziadeh and reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA and California law.

66.     Thus, from Ziadeh's observations and discussions with these other employees, he is aware that the illegal practices or policies of Randstad have been imposed on a distinct group of employees.

67.     These employees were all paid a salary and commission without overtime compensation.

68.     These day rate employees are victims of Randstad's unlawful compensation practices and are similarly situated to Ziadeh in terms of pay provisions and employment practices.

69.     Randstad's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the day rate employees.

70.     Thus, Ziadeh's experiences are typical of the experiences of the Account Managers he seeks to represent.

71.     The specific job titles or precise job locations of these various employees does not prevent collective treatment.

72.     Ziadeh has no interests contrary to, or in conflict with, the members of the FLSA or California Classes. Like each member of the proposed classes, Ziadeh has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

PARMET PC

73.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

74.    Absent this action, many FLSA and California Class Members likely will not obtain redress of their injuries and Randstad will reap the unjust benefits of violating the FLSA and California law.

75.    Furthermore, even if some of the FLSA and California Class Members could afford individual litigation against Randstad, it would be unduly burdensome to the judicial system.

76.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

77.    The questions of law and fact common to each of the FLSA and California Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.    Whether Randstad employed the FLSA and California Class Members within the meaning of the FLSA and California law;

      b.    Whether the FLSA and California Class Members were exempt from overtime;

      c.    Whether Randstad's decision to not pay overtime to the FLSA and California Class Members was made in good faith; and

      d.    Whether Randstad's violation of the FLSA was willful.

78.    Ziadeh's claims are typical of the FLSA and California Class Members. Ziadeh and the FLSA and California Class Members have sustained damages arising out of Randstad's illegal and uniform employment policy.

79.    Ziadeh knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

80.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

81.    All the Account Managers, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although

1    the issue of damages may be individual in character, there is no detraction from the common nucleus

2    of liability facts.

3                    **FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

4         82.    Ziadeh incorporates each other allegation.

5         83.    Randstad has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by

6    compensating employees at a day rate in an enterprise engaged in commerce or in the production of

7    goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without

8    compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates

9    no less than 1.5 times the regular rates for which they were employed.

10        84.    Randstad knowingly, willfully, or in reckless disregard carried out this illegal pattern

11   and practice of failing to pay the FLSA Workers overtime compensation.

12        85.    Randstad's failure to pay overtime compensation to these FLSA Workers was neither

13   reasonable, nor was the decision not to pay overtime made in good faith.

14        86.    Accordingly, Ziadeh and the FLSA Workers are entitled to overtime wages under the

15   FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and

16   costs.

17              **SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

18        87.    Ziadeh incorporates each other allegation.

19        88.    The California Labor Code requires that all employees, including Ziadeh and the

20   California Overtime Workers, receive 1.5 times their hourly rate as overtime premium compensation

21   for hours worked over 8 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through

22   #17-2001.

23        89.    Despite working over 8 hours a day as part of their normal and regular shift, Ziadeh

24   and the California Overtime Workers did not receive any overtime compensation for all hours worked

25   over eight in one day.

26        90.    The California Labor Code also requires that all employees, including Ziadeh and the

27   California Overtime Workers, receive two times the overtime premium compensation for hours

28

1   worked over 12 in a day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-
2   2001.

3   91.   Although Ziadeh and the California Overtime Workers occasionally worked over 12
4   hours in one day, they did not receive the "double time" compensation required by California law.

5   92.   The California Labor Code requires that all employees, including Ziadeh and the
6   California Overtime Workers, receive two times the overtime premium compensation for hours
7   worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017);
8   IWC Wage Orders #1-2001 through #17-2001.

9   93.   Although Ziadeh and the California Class occasionally worked 7 days a week, for at
10   least 12 hours a day, they did not receive the "double time" compensation required by California law
11   for all hours over 8 worked on the seventh day.

12   94.   This pattern, practice, and uniform administration of corporate policy regarding illegal
13   employee compensation is unlawful and entitles Ziadeh and the California Overtime Workers to
14   recover unpaid balance of the full amount of overtime wages owing, including liquidated damages,
15   interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

16   <center>THIRD CAUSE OF ACTION—FAILURE TO PROVIDE</center>
17   <center>COMPENSATION FOR MISSED MEAL AND REST PERIODS</center>

18   95.   Ziadeh incorporates each other allegation.

19   96.   In accordance with the mandates of California Labor Code sections 226.7 and 512,
20   and applicable IWC Wage Orders, Ziadeh and the California Meal/Rest Period Workers had the right
21   to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a
22   10-minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage
23   Orders #1-2001 through #17-2001.

24   97.   Although the California Labor Code requires that all employees, including Ziadeh and
25   the California Meal/Rest Period Workers, receive two, 30-minute meal-period breaks when employed
26   for 10 hours per day, Ziadeh and the California Class did not receive two meal-period breaks for each
27   day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Orders
28   #1-2001 through #17-2001.

PARMET PC

98.     As a pattern and practice, Randstad did not provide Ziadeh and the California Meal/Rest Period Workers with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

99.     Although the California Labor Code requires that all employees, including Ziadeh and the California Meal/Rest Period Workers, receive a 10-minute rest period for every four hours worked, Ziadeh and the California Meal/Rest Period Workers did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

100.    As a pattern and practice, Randstad did not provide Ziadeh and the California Meal/Rest Period Workers with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

101.    Ziadeh and the California Meal/Rest Period Workers are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

102.    Randstad's policy failed to provide Ziadeh and the California Meal/Rest Period Workers with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Ziadeh and the California Meal/Rest Period Workers in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

**FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS**

103.    Ziadeh incorporates each other allegation.

104.    California Labor Code section 226 requires Randstad to keep accurate records regarding the rates of pay for their California employees and provide that information to Ziadeh and the California class members with their wage payment.

105.    Because Randstad failed to pay Ziadeh and the Putative Class Members lawful wages, it did not maintain accurate records of Ziadeh, the California Overtime Workers, and the California Meal/Rest Period Workers' daily hours, gross wages earned, net wages earned, and the applicable

PARMET PC

1  hourly rates, and did not provide that information to Ziadeh and the California class members with

2  their wages.

3      106.    This pattern, practice, and uniform administration of corporate policy is unlawful and

4  entitles Ziadeh, the California Overtime Workers, and the California Meal/Rest Period Workers to

5  recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs

6  of suit. CAL. LAB. CODE § 226(e).

7                    **FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES**

8      107.    Ziadeh incorporates each other allegation.

9      108.    At all relevant times, Randstad was required to pay Ziadeh, the California Overtime

10 Workers, and the California Meal/Rest Period Workers all wages owed in a timely fashion at the end

11 of employment pursuant to California Labor Code sections 201 to 204.

12     109.    As a result of Randstad's alleged California Labor Code violations, Randstad regularly

13 failed to pay Ziadeh, and the California Overtime Workers, the California Meal/Rest Period Workers

14 their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Randstad

15 owes waiting time penalties pursuant to California Labor Code section 203.

16     110.    The conduct of Randstad, in violation of Ziadeh's, the California Overtime Workers',

17 and the California Meal/Rest Period Workers' rights, was willful and was undertaken by the agents,

18 employees, and managers of Randstad.

19     111.    Randstad's willful failure to provide Ziadeh, the California Overtime Workers, and the

20 California Meal/Rest Period Workers the wages due and owing them upon separation from

21 employment results in a continuation of wages up to 30 days from the time the wages were due.

22     112.    Therefore, Ziadeh, the California Overtime Workers, and the California Meal/Rest

23 Period Workers who have separated from employment are entitled to compensation pursuant to

24 California Labor Code section 203.

25                 **SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW**

26     113.    Ziadeh incorporates each other allegation.

27     114.    Randstad has engaged, and continues to engage, in unfair and unlawful business

28 practices in California by practicing, employing, and utilizing the employment practices outlined above

PARMET PC

1    by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages

2    required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and

3    (5) waiting time penalties.

4         115.    The actions described in this Complaint therefore violate California Labor Code

5    Sections 226 (record keeping) and 226.8 (misclassification).

6         116.    As a result of Randstad's failure to comply with federal and state law, Randstad has

7    also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et.*

8    *seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or

9    practices.

10        117.    The relevant acts by Randstad occurred within the four years preceding the filing of

11   this lawsuit.

12        118.    On information and belief, Randstad has engaged in unlawful, deceptive, and unfair

13   business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*,

14   including those set forth above, depriving Ziadeh, the California Overtime Workers, and the California

15   Meal/Rest Period Workers of minimum working condition standards and conditions under California

16   law and IWC Wage Orders as set forth above.

17        119.    Ziadeh, the California Overtime Workers, and the California Meal/Rest Period

18   Workers are entitled to restitution for at least the following: restitution for unpaid overtime wages and

19   unpaid California Labor Code § 203 continuation wages.

20        120.    Ziadeh, the California Overtime Workers, and the California Meal/Rest Period

21   Workers are also entitled to permanent injunctive and declaratory relief prohibiting Randstad from

22   engaging in the violations and other misconduct referred to above.

23        121.    Randstad is also liable for fees and costs pursuant to California Code of Civil

24   Procedure section 1021.5 and other applicable law.

25                                    **RELIEF SOUGHT**

26        122.    Wherefore, Ziadeh prays for judgment against Randstad as follows:

27             a.    For an order certifying a class action under Rule 23 for the purposes of the claims
                    under California law;

28

PARMET PC

b. For an order certifying this case as a collective action for the purposes of the FLSA claims;

c. For an order finding Randstad liable for violations of state and federal wage laws with respect to Ziadeh and all class members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Ziadeh and all class members covered by this case;

e. For a judgment awarding Ziadeh and all class members covered by this case their costs of this action;

f. For a judgment awarding Ziadeh and all class members covered by this case their attorneys' fees;

g. For a judgment awarding Ziadeh and all class members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

**Attorneys for Plaintiff**